UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYESHA ISOM,                                    )<br>                                                            )<br>                                                            )<br>         Plaintiff,                                   )<br>                                                            )    Civil Action No. 1:22-cv-03392 (UNA)<br>v.                                                        )<br>                                                            )<br>ANTHONY BLINKEN, *et al.*,            )<br>                                                            )<br>         Defendants.                              ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, a resident of Denton, Texas, sues the United States Secretary of State and the State Department, the United States Secretary of Health and Human Services, "Japan Health Policy Now" and its "Commissioner/Director," and "Leading Foreign Policy." From there, the complaint is even less comprehensible. It consists of plaintiff's ruminations regarding life expectancy rates, health policy in Japan—particularly as it relates to mental health care for women, the Japanese armed forces, American athletes, and "political criminal scams." She demands

$32,092.84 in "restitution," and expresses her concern that, "Japan Health Policy Diagnoses should have been exposed to protect public health for safety, to stop or end human matter eaten, as cannibals controlled with weapon tools by these women."

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard.

Consequently, the complaint and this case are dismissed without prejudice. A separate order accompanies this memorandum opinion.

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

Date:  December 16, 2022